IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the matter of the Complaint of:<br><br>COMMONWEALTH OF PUERTO RICO<br><br>For the Exoneration from Limitation of Liability, as owners, operators and managers, of the 2005 Sea Vee Cuddy Cabin 340, HIN SXJ00953B505, P.R. No. PR0112GE<br><br>**Plaintiff-Petitioner** | Civil No.: 2025-cv-1250<br><br>In Admiralty<br>28 U.S.C. § 1333;<br>46 U.S.C. §§ 30501-30530;<br>Supplemental Rule F |

## COMPLAINT-PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**TO THE HONORABLE COURT:**

**NOW COME,** the plaintiff-petitioner, the Commonwealth of Puerto Rico, as owner, operator and manager of the 2005 Sea Vee Cuddy Cabin 340, HIN SXJ00953B505, P.R. No. PR0112GE (hereinafter the "Cobra 54"), through the undersigned attorneys respectfully informs, states, alleges, and prays as follows:

### I.  JURISDICTION

1. This is a case of admiralty and maritime jurisdiction. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333(1). The Complaint-Petition is grounded on the United States Limitation of Shipowner's Liability Act, 46 U.S.C. §30501-30530, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Rule F of the Local Rules for the District of Puerto Rico. This action is one within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Pursuant to Rule F(9) of the Supplemental Rules, this Complaint-Petition is within the venue of this Court as the Cobra 54, the vessel upon which the instant Complaint-Petition is premised, is located within this judicial district. Venue is also proper before this Court because

the appearing plaintiff-petitioner has received communications from certain claimants stating their intent to sue plaintiff-petitioner within this judicial district.

## II.   PARTIES

3. At all times material hereto, the Commonwealth of Puerto Rico is the owner of the Cobra 54, through the General Services Administration (hereinafter referred to as "GSA"), one of its instrumentalities.

4. At all times material hereto, the Commonwealth of Puerto Rico is the operator and manager of the Cobra 54, through one of its instrumentalities, the Rapid Action Joint Forces ("FURA" by its Spanish acronym), a division of the Puerto Rico Police Bureau.

## III.   FACTS

5. At all times material to this action, the Cobra 54 was being operated by FURA to patrol the coasts of Puerto Rico.

6. Tomás J. Méndez Rodríguez (hereinafter referred to as "Méndez"), is a resident of Aguadilla, Puerto Rico, and is the owner of a 2021 24' Grady White, with Puerto Rico Registration Number PR-2425-FF (hereinafter referred to as "the Grady White").

7. Wilnelia Montalvo González is married to Méndez and was present onboard the Grady White at all times material to this action.

8. The minor children of the couple were also present onboard the Grady White at all times material to this action.

9. On Friday, August 9th, 2024, on or about 7:20 PM, Sargeant Giovanni González-Pagán (Badge No. 8-30529), Agent Víctor Cortés-Román (Badge No. 33873) and Agent Pedro Méndez-Méndez (Badge No. 31940), of FURA Aguadilla, sailed from FURA's dock onboard Cobra 54.

10. At all material times, the crew of Cobra 54 had exercised due diligence and had taken all necessary action to make and maintain Cobra 54 in all respects, a vessel which was seaworthy, fit and proper for the service in which it was engaged.

11. At all times material hereto, Cobra 54 was, in all respects, seaworthy, properly manned and efficiently supplied, equipped and furnished, fitted with suitable engines, machinery, tackle, apparel, gear, appliances and personnel, all in good order and condition and suitable for the purpose for which it was employed.

12. Cobra 54 and her crew intervened with a homemade vessel at approximately a quarter of a mile in front of the Aguadilla breakwater.

13. Cobra 54 was operating in waters connected to the high seas and navigable by seagoing vessels.

14. At the time of this police intervention, Cobra 54 had on its navigation lights, courtesy and other interior lights and the blue intermittent lights used by law enforcement. Operation of all such lights is required for the safety of the crews of both vessels during any police intervention conducted at night.

15. After concluding the intervention, the crew of Cobra 54 shut off all lights, except the navigation lights, which remained on at all times.

16. Cobra 54 then started making way towards shore at idle speed when the crew heard the noise of a rapidly approaching vessel.

17. The Grady White approached and collided with Cobra 54 while navigating at an unsafe speed.

18. The Grady White was approaching almost directly perpendicular to Cobra 54's port side and was thus considered the give-way vessel. Cobra 54 was the stand-on vessel.

19. The bow of the Grady White operated by Méndez rammed the port aft quarter of Cobra 54.

20. The collision took place on a crossing situation in which Cobra 54 was the stand-on vessel and the in rem Defendant Grady White was the give-way vessel. The Grady White was supposed to pass aft of Cobra 54 at a safe speed and safe distance, but it failed to do so.

21. The Grady White was navigating with all interior lights on, which causes the operator to lose night vision. At night, blue wavelengths of light prevail in the visible portion of the spectrum. When light levels decrease, the focusing mechanism of the eye may move toward a resting position and make the eye more myopic. Practicing good light discipline, such as turning off all unessential lights during navigation, is very important and helps operators to retain their night adaptation. Keeping the interior lighting on dim or off allows the operator to better identify outside details and hazards.

22. At all times relevant, Cobra 54 had its running and navigation lights on and operating at a safe speed.

23. At all times material hereto, and prior to the commencement of the evening patrol of August 9th, 2024, the plaintiff-petitioner had exercised due diligence and had taken all necessary action to make and maintain the Cobra 54 in all respects, a vessel which was seaworthy, fit and proper for the service in which it was engaged.

24. At all times material hereto, the Cobra 54 was, in all respects, seaworthy, properly manned and efficiently supplied, equipped and furnished, fitted with suitable engines, machinery, tackle, apparel, gear, appliances and personnel, all in good order and condition and suitable for the purpose for which it was employed.

25. On or before August 9th, 2024, the plaintiff-petitioner, owner of the Cobra 54, did not know of, and reasonably had no reason to know of, any condition of omission or negligence aboard the vessel or in the operation of the vessel.

26. The plaintiff-petitioner in the present action, through one of its instrumentalities, received an out-of-court claim for damages from the persons onboard the Grady White. A subrogation civil action was filed by the insurance carrier of the plaintiff-petitioner for the damages caused by the Grady White to the Cobra 54, as a result of the collision. That case is presently pending before this District Court as Civ. Action No. 25-1146 (MAJ).

27. The out-of-court claim made against the Cobra 54 and the plaintiff-petitioner is in excess of the value of the Cobra 54, at the end of the voyage on August 9th, 2024.

28. The Cobra 54 has not been attached or arrested to answer for any claim arising out of the voyage that is the subject of this Complaint-Petition.

29. If any fault caused or contributed to the incident aboard the Cobra 54 on August 9th, 2024, and to damage or loss to the persons onboard the Grady White, or any other parties, all of which is denied, such fault occurred without the privity or knowledge of the plaintiff-petitioner or, at or before the voyage, without the privity or knowledge of her master, any superintendent, managing agent or those for whose acts the plaintiff-petitioner may be responsible.

### IV. CAUSE OF ACTION AND RELIEF SOUGHT

30. In the claim referred to in paragraphs 26 and 27, it is asserted that the Cobra 54 was at fault for damages from the events occurring on August 9th, 2024. Any and all allegations of this nature are without any basis whatsoever in fact or in law.

31. The plaintiff-petitioner specifically claims the benefits of exoneration from, or limitation of, liability provided for in the United States Limitation of Shipowner's Liability Act,

46 U.S.C. §§ 30501-30530, and Rule F of the Supplemental Rules, and all statutes and rules amendatory thereof and supplementary thereto.

32. The plaintiff-petitioner further specifically alleges that this Petition- Complaint, and the claim for exoneration from, or limitation of, liability asserted herein, is filed not only on its behalf, but also on behalf of its liability insurers and underwriters, shareholders, managers and agents that would be entitled to exoneration from, or limitation of, liability to the same extent as the owners, and their liability, if any, shall, accordingly, not exceed that of the liability of the plaintiff-petitioner, if any.

33. The Cobra 54 was damaged as a result of the subject incident. The plaintiff-petitioner assert that the value of the subject vessel was one hundred eight thousand dollars ($108,000.00 USD), or less, on August 9th, 2024, the date of the incident which gave rise to this exoneration and limitation action, and at the end of the voyage upon which it was engaged.

34. The plaintiff-petitioner will submit as *Ad Interim Stipulation* a Letter of Undertaking, or other suitable security, for the aggregate amount of one hundred eight thousand dollars ($108,000.00 USD) as soon as possible. This aggregate amount represents the value of the plaintiff-petitioner's interest in the subject vessel at the termination of the voyage that is the subject of this Petition-Complaint [one hundred eight thousand dollars ($108,000.00 USD)]; the value of the pending freight at the conclusion of the voyage [zero dollars ($0 USD)]; and, an amount of interest at the rate of six percent (6%) *per annum* as required by Rule F of the Supplemental Rules [three hundred and sixty dollars ($6,480.00)].

35. In compliance with Rule F(1) of the Local Rules of the District of Puerto Rico, the plaintiff-petitioner is filing separately on this same date a check in the amount of one thousand dollars ($1,000.00).

**WHEREFORE**, the plaintiff-petitioner most respectfully prays that:

(i) pursuant to 28 U.S.C. § 30511(c) and Supplemental Rule F, the District Court enjoin the further prosecution of any and all lawsuits already commenced, and the commencement or prosecution of any and all subsequent lawsuits of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motions in such actions against the plaintiff-petitioner, the Cobra 54, or any property of the plaintiff-petitioner, or insurers and underwriters of the plaintiff-petitioner, or of the Cobra 54, except in this Exoneration and Limitation action, to recover damages for or with respect to any loss, damage, injury or expense arising out of or connected with the incident which occurred on August 9th, 2024, that is the subject of this Petition-Complaint, until the hearing and determination of this proceeding.

(ii) the District Court take notice of plaintiff-petitioner's intent to file an *Ad Interim Stipulation* and Letter of Undertaking, or other suitable security, for the amount of one hundred fourteen thousand four hundred eighty dollars ($114,480.00 USD).

(iii) the District Court cause a Notice to be issued to all persons, firms, entities, and corporations having, or alleging to have, claims by reason of the matters and happenings recited above admonishing them to appear and file their Claims with the Clerk of this District Court, on or before a date to be fixed by the District Court and as specified in the Notice, or to be forever barred and permanently enjoined from making or filing any such claims, and also to Answer, all and singular, the premises of this Complaint-Petition.

(iv) that the District Court adjudge that the plaintiff-petitioner, its insurers and underwriters, and the Cobra 54, are exonerated, that is that they are not liable for any damages, demands, or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters or happenings recited in this Complaint-Petition.

  (v) that in the alternative, if this District Court should adjudge that the plaintiff-petitioner is liable to any extent in the premises, the District Court then adjudge that the liability of the plaintiff-petitioner and its insurers, underwriters, shareholders, managers and agents, shall be limited to the amount of their interest in the Cobra 54 and its pending freight, at the end of the voyage that is the subject of this Complaint-Petition, as per 46 U.S.C. §§ 30523-24; and in that event, the amount representing the value of the plaintiff-petitioner's interests in the Cobra 54 shall be divided *pro rata* among the claimants having made due proof of their respective claims; and that a decree be entered discharging the plaintiff-petitioner, the Cobra 54, and their insurers and underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against the plaintiff-petitioner, the Cobra 54, their insurers or underwriters, in consequence of, or arising out of, or connected with, the matters and happenings recited in the above and foregoing Complaint-Petition.

  (vi) that the plaintiff-petitioner, the Cobra 54 and their insurers and underwriters have such other and further relief in the premises as may be just and proper.

## STATEMENT UNDER PENALTY OF PERJURY

I, Alberto Castañer, under penalty of perjury, hereby state:

1. That I am counsel of record for the Plaintiff-Petitioner.

2. That I have read the foregoing *Verified Complaint-Petition for Exoneration From or Limitation of Liability* and believe the allegations contained therein are true.

3. That such belief is based upon my personal knowledge and the documentation in my control and possession.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  Executed on May 5th, 2025.

             By:s/ *Alberto Castañer*
             Alberto J. Castañer, Esq.
             Attorney for Plaintiff-Petitioner

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of May, 2025.

**CASTAÑER & CIA PSC**

MAI Center
Marginal Kennedy
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

*Attorneys for Plaintiff-Petitioner*

By:s/Alberto Castañer
**Alberto J. Castañer**
USDC-PR No. 225706